OPINION OF THE COURT
Salvatore A. Alamia, J.
*979 On Friday August 14, 2009 People’s exhibits “5” and “8” were admitted into evidence at the defendant’s jury trial for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) and (2). The court thereafter explained to counsel, outside the presence of the jury, that it had several reservations regarding the admissibility of the exhibits vis-a-vis Crawford v Washington (541 US 36 [2004]). The court asked counsel to be prepared on Monday, August 17, 2009 at 11:30 a.m. to address the Crawford issue with respect to these exhibits, and a hearing was held at that time to determine whether the exhibits were properly admitted into evidence.
Each of the exhibits at issue consists of a certification of analysis of breath alcohol simulator solution prepared by a toxicology technician at the New York State Police Headquarters Crime Laboratory, accompanied by certification that the document is an exact photocopy of the original record of the New York State Police Headquarters Crime Laboratory and was made in the regular course of business. The People argue that these documents are admissible under the business records exception to the hearsay rule, and the defense maintains that their admission, without producing the technician who prepared the reports, is in violation of the defendant’s Sixth Amendment right to confrontation.
The Sixth Amendment to the United States Constitution, made applicable to the states via the 14th Amendment, provides that “[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.” In Crawford v Washington (id. at 51), the United States Supreme Court held that the Sixth Amendment guarantees a defendant’s right to confront those “who ‘bear testimony’ against him.” A witness’s testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant has had a prior opportunity for cross-examination. The United States Supreme Court held that this core class of testimonial statements includes, inter alia, pretrial statements that declarants would reasonably expect to be used prosecutorially.
In Melendez-Diaz v Massachusetts (557 US —, —, 129 S Ct 2527, 2532 [2009], citing Crawford v Washington, 541 US at 51), the United States Supreme Court recently held that “certificates of analysis” submitted by the prosecution showing the results of the forensic analyses performed on certain seized substances fall within the core class of testimonial statements, i.e., a “sol *980 emn declaration or affirmation made for the purpose of establishing or proving some fact.” Such certificates, “made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,” are testimonial in nature. (Melendez-Diaz v Massachusetts, 557 US at —, 129 S Ct at 2532 [internal quotation marks omitted]; Crawford v Washington at 52.) Thus, the admission of certificates of laboratory analysts, without the testimony of the analysts themselves, violates a defendant’s right to confront the witnesses against him.
The reports at issue in this trial similarly were prepared with the reasonable expectation that they would be used in criminal prosecutions. The reports are testimonial in nature, and their admission into evidence, in the absence of the technician or analyst who prepared them, violates the defendant’s Sixth Amendment right to confrontation. In accordance with this court’s ruling from the bench at the conclusion of the hearing, the exhibits shall be removed from evidence, subject to admission only if the People produce the appropriate witness or witnesses who may be cross-examined by the defense.